IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BARTZ-MICHALSKI TRUST, ET AL., ETC., | }<br>}<br>} |
| Plaintiffs | }  CIVIL ACTION NO.<br>} |
| vs. | }  98-AR-1114-S<br>} |
| MARK D. FISHMAN, ET AL., | }<br>} |
| Defendants | } |

FILED
98 JUN 16 PM 3:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 17 1998

## MEMORANDUM OPINION

Although there are pending motions to dismiss which were filed by defendants in the above-entitled cause upon removal, the court must first consider the motion of plaintiffs to remand the case to the Circuit Court of Jefferson County from which it was removed by defendant, Sterne, Agee & Leach, Inc. ("Sterne, Agee"), after it obtained the concurrence of the other defendants. Jurisdictional issues always come first.

This removal was based both on the alleged existence of a federal question and the alleged existence of complete diversity of citizenship, together with the existence of the requisite amount in controversy. The court will deal with these jurisdictional issues in reverse order.

The removal jurisdiction posited on diversity is quickly undercut by the fact that Sterne, Agee, the removing defendant, is an Alabama resident. 28 U.S.C. § 1441(b).

This leaves as the only possible jurisdictional basis the alleged existence of a federal question appearing on the face of the complaint. Plaintiffs' complaint carefully invokes only Alabama state law. It avoids like the veritable plague any hint whatsoever that plaintiffs rely on any federal statute or federal common law or constitutional provision as an avenue for any of the relief they seek. All parties admit that this is a so-called securities fraud case. It is true, of course, that many such cases are brought as so-called 10(b)(5) cases, a totally federal theory, but this case is not such a case. Nevertheless, defendants argue that plaintiffs' claim can have no viability unless it is considered to be a 10(b)(5) case and thus that this court should "deem" the case to be a 10(b)(5) case for the purposes of furnishing the existence of a federal question and thus a basis for removal.

Some cases filed in a state court, although carefully not invoking federal law, are nevertheless transmogrified into federal claims despite every effort by the plaintiff to avoid any dependence upon a federal theory of liability. The perfect example is ERISA, with its doctrine of super-duper preemption, a doctrine that applies even though the state courts have concurrent jurisdiction over ERISA cases, something they do not have over 10(b)(5) cases. Under the ERISA rubric, when the beneficiary of an ERISA-governed insurance policy is badly defrauded by an ERISA

fiduciary and studiously avoids any reliance upon ERISA, and instead sues for garden variety fraud in a state court, the fiduciary can drag the plaintiff into federal court, even though plaintiff has no remedy here.  Such is not the situation in this case.  It may prove to be that 10(b)(5) is plaintiffs' only recourse, as defendants argue, but plaintiffs' disclaimer of any reliance upon 10(b)(5) is sufficient under the "well-pleaded complaint" rule to keep plaintiffs, at least for now, in the forum they chose.  If the state court agrees with defendants that plaintiffs cannot proceed under any Alabama theory, plaintiffs can either appeal that ruling to the Supreme Court of Alabama, and ultimately to the Supreme Court of the United States, or, if plaintiffs become convinced that defendants are correct and plaintiffs voluntarily amend their complaint to invoke a federal theory, defendants can efficaciously remove.  In other words, the order of remand which will accompany this opinion is without prejudice to defendants' right to remove under new and appropriate circumstances.  However, at the moment the core rule of federalism that strictly recognizes federal courts as courts of limited jurisdiction, commands that this court grant plaintiffs' motion to remand.

DONE this 16th day of June, 1998.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE